**LEWIS BRISBOIS BISGAARD & SMITH LLP**
CHRISTOPHER J. BAKES, SB# 99266
  E-Mail: Christopher.Bakes@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BRYAN P. SUGAR *(pro hac vice pending)*
  E-Mail: Bryan.Sugar@lewisbrisbois.com
550 West Adams Street, Suite 300
Chicago, Illinois 60661
Telephone: 312.345.1718
Facsimile: 312.345.1778

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
WILLIAM W. MAUKE *(pro hac vice pending)*
  E-Mail: William.Mauke@lewisbrisbois.com
1700 Lincoln Street, Suite 4000
Denver, Colorado 80203
Telephone: 303.861.7760
Facsimile: 303.861.7767

Attorneys for Plaintiff PANDA RESTAURANT GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PANDA RESTAURANT GROUP, INC., a California Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ENYMEDIA, INC,, a New York Corporation<br><br>    Defendant. | Case No. 2:21-cv-3560<br><br>**COMPLAINT; JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Panda Restaurant Group, Inc. ("Panda" or "Plaintiff") states the following for its Complaint against Defendant Enymedia, Inc. ("Defendant"):

/ / /

/ / /

4837-0163-7863.1

Complaint

## NATURE OF THE ACTION

1. This is a civil action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* ("Lanham Act") for cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 *et seq.*

## PARTIES

2. Plaintiff, Panda Restaurant Group, Inc., is a corporation organized under the laws of California with its principal place of business in 1683 Walnut Grove Ave., Rosemead, California 91770. Panda regularly provides restaurant services in this District.

3. Defendant, Enymedia, Inc., is a New York Corporation conducting business at 17 E Broadway, Suite 302, New York, NY 10002. Defendant is the owner of a number of domain names that it uses in connection with restaurant services that include the term PANDA.

## JURISDICTION AND VENUE

4. This action arises under 15 U.S.C. §§ 1114 and 1125(d). This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims), and 28 U.S.C. § 1332(a)(1) as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court may exercise personal jurisdiction over Defendant under the California Long-Arm Statute, because the Defendant is transacting business in California and caused an injury in this state by marketing and providing interactive websites that are available to consumers in this state which use the PANDA Marks.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because (a) a substantial part of the events and omissions giving rise to this claim occurred here; and (b) the Defendant is subject to personal jurisdiction here. Further, Defendant has committed acts of cybersquatting in this District, and has caused injury in this district.

## FACTS

**Panda's IP Rights**

7. Panda is the recognized world leader in Asian dining experiences and has been using a suite of trademarks in connection with restaurant services since at least as early as July 12, 1973,

when it opened its first restaurant in Pasadena, California. Panda later opened a fast-casual version of its restaurant in 1983, which has blossomed into the largest Asian-American restaurant chain in the United States. Indeed, with over 2200 restaurants and over $3 billion in sales, Panda has established enormous goodwill with the consuming public by providing gourmet Chinese food in a fast, casual environment over decades.

8. Panda owns several federally registered trademarks for the PANDA mark for use in connection with restaurant services. These include the following United States Trademark Registrations:

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|---|---|---|---|---|
| PANDA INN | 8/19/1985 | 2/16/1988 | 1477152 | 7/12/1973 |
| PANDA EXPRESS | 8/19/1985 | 12/13/1988 | 1516769 | 10/31/1983 |
| (PANDA INN logo) | 12/9/1988 | 9/5/1989 | 1555279 | 7/12/1973 |
| (PANDA EXPRESS logo) | 12/9/1988 | 12/22/1992 | 1741866 | 10/31/1983 |
| PANDA PANDA | 12/4/1991 | 8/18/1992 | 1709012 | 4/13/1987 |
| PANDA CAFÉ | 6/18/1992 | 8/31/1993 | 1791085 | 7/10/1992 |
| PANDA EXPRESS | 6/12/1995 | 8/6/1996 | 1991081 | 10/31/1983 |

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|---|---|---|---|---|
| (PANDA EXPRESS GOURMET CHINESE FOOD logo) | 6/19/1995 | 11/26/1996 | 2018848 | 10/31/1983 |
| (GREAT Panda logo) | 3/18/1999 | 4/11/2000 | 2340784 | 11/19/1987 |
| PANDA | 11/12/1999 | 10/30/2001 | 2501422 | 7/12/1973 |
| GREAT PANDA | 3/18/1999 | 2/29/2000 | 2324276 | 11/19/1987 |
| (PANDA logo) | 5/17/1999 | 2/20/2001 | 2430444 | 11/10/1999 |
| PANDA MANIA | 7/27/2000 | 12/25/2001 | 2522086 | 7/12/1973 |
| PANDA KIDS | 11/30/2000 | 12/17/2002 | 2661675 | 10/22/2000 |

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|---|---|---|---|---|
| (Panda Express / Panda Kids logo) | 4/12/2002 | 7/1/2003 | 2731601 | 3/24/2002 |
| (Panda Inn Mandarin Cuisine logo) | 12/19/2005 | 12/19/2006 | 3186491 | 11/13/2005 |
| (Panda Inn Mandarin Cuisine logo) | 12/19/2005 | 3/3/2009 | 3584722 | 7/15/2008 |
| EXPERIENCE PANDAMONIUM | 12/1/2008 | 6/23/2009 | 3643299 | 3/20/2008 |
| EXPERIENCE PANDAMONIUM | 12/1/2008 | 9/1/2009 | 3675687 | 2/2008 |
| (Panda Express Gourmet Chinese logo) | 11/30/2012 | 8/6/2013 | 4379316 | 3/11/2011 |

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|---|---|---|---|---|
|  | 11/30/2012 | 4/8/2014 | 4511842 | 8/2013 |
|  | 10/16/2014 | 8/18/2015 | 483470 | 7/2014 |
| ASIAN EATERY BY PANDA EXPRESS | 12/5/2014 | 12/15/2015 | 4871876 | 9/1/2015 |
|  | 9/18/2014 | 11/3/2015 | 484767 | 10/3/2014 |
|  | 10/13/2014 | 12/22/2015 | 4876079 | 7/2/2014 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|---|---|---|---|---|
| PANDA EXPRESS (logo) | 10/13/2014 | 11/28/2017 | 5346606 | 9/1/2016 |
| PANDA EXPRESS CHINESE KITCHEN (logo) | 10/16/2014 | 8/18/2015 | 4793470 | 7/2014 |
| PANDA EXPRESS (logo) | 10/13/2014 | 7/19/2016 | 5005155 | 7/2/2014 |
| PANDA EXPRESS (logo) | 10/13/2014 | 7/19/2016 | 5005166 | 8/11/2014 |
| FAMILY OWNED EST 1983 PANDA EXPRESS CHINESE KITCHEN (logo) | 8/4/2016 | 2/21/2017 | 5146748 | 6/1/2015 |
| PANDA KITCHEN | 6/25/2014 | 1/9/2018 | 5375577 | 10/17/2017 |
| PANDA EXPRESS (logo) | 10/13/2014 | 6/12/2018 | 5492446 | 7/2/2014 |

| Mark | Date Filed | Date Registered | Registration Number | Date of First Use |
|---|---|---|---|---|
| PANDA TEA BAR (logo) | 12/5/2017 | 8/15/2018 | 5539329 | 08/28/2017 |
| PANDA TEA BAR (logo) | 12/5/2017 | 8/14/2018 | 5539330 | 8/28/2017 |
| PANDA | 5/31/2019 | 12/17/2019 | 5937298 | 7/12/1973 |
| PANDA EXPRESS (logo) | 7/5/2019 | 12/24/2019 | 5944199 | 7/2014 |
| PANDA GRAB & GO | 10/21/2019 | 6/2/2020 | 6067842 | 4/22/2019 |
| HOW TO PANDA | 2/13/2020 | 8/25/2020 | 6136162 | 1/1/2020 |
| PANDA PROMISE | 3/3/2020 | 9/1/2020 | 6141928 | 3/3/2020 |
| PANDA EXPRESS | 3/17/2020 | 9/29/2020 | 6163840 | 10/31/1983 |
| PANDA RE-IMAGINED | 5/18/2020 | 11/17/2020 | 6200487 | 5/14/2020 |
| PANDA EXPRESSED | 5/13/2020 | 11/17/2020 | 6200467 | 6/28/2018 |



9. The marks above which each incorporate the word "PANDA" (collectively, the "PANDA Marks") are valid and subsisting trademarks, and many are incontestable under 15 U.S.C. § 1065.

10. Since at least as early as July 12, 1973, PANDA has continuously used, advertised, offered for sale, and/or sold, in interstate commerce, Panda's services under the PANDA Marks throughout the United States through its numerous retail locations.

11. Panda has expended considerable resources to build the goodwill associated with the PANDA Marks in connection with restaurant services.

12. Panda promotes its restaurant services offered under the PANDA Marks at the websites located at numerous domain names that incorporate its PANDA Marks, including but not limited to, pandaexpress.com, pandainn.com, getpandanow.com, gopandanow.com, panda-now.com, orderpanda.com, panda-asian-cafe.com, pandaasiancuisinenj.com, pandalibre.com, panda-cafe.com, panda-restaurant.com, panda-takeout.com, pandaexpresschina.com, pandatakeoutonline.com, and pandaexpress.kitchen (the "Panda Domains").

13. Panda also owns a number of copyrights in works that it has created in connection with its promotion of the PANDA Marks that have appeared on nationally advertised campaigns for Panda's restaurant services. The works depict various artistic interpretations of panda bears including the following:

 

Panda has registered each of the artistic works (the "Panda Copyrights") with the U.S. Copyright Office.  Copies of the Panda Copyright registrations with the United States Copyright Office are attached hereto as **Exhibit A**.

14. The Panda Copyrights appear on the Panda Websites, in print marketing materials, through other digital marketing campaigns, on television advertising, and in a number of other advertisements promoting Panda's restaurant services.

**Defendant's Cybersquatting and Copyright Infringement**

15. Defendant specializes in digital marketing for restaurants, and has registered numerous domain names that contain the word "PANDA" to be utilized in connection with Chinese restaurants.  In light of the fame of the PANDA Marks, the geographic spread of Panda's restaurant locations, and Panda's strong online presence, Defendant had actual notice of the PANDA Marks in connection with restaurant services prior to registering the following domain names: pandatogo.com, a8panda.com, chinapandatn.com, newpandakitchen.com, pandagourmet.com, pandahouseus.com, pandapalacebuffet.com, uspandagarden.com, and uspandagarden2.com (collectively, the "Infringing Domains").  Defendant also had constructive notice of the PANDA Marks as a result of its numerous trademark registrations with the United States Patent and Trademark Office.

16. The WHOIS report for each of the Infringing Domains is attached hereto as **Exhibit B.**

17. Defendant has been diverting business away from Panda since it began operations as a digital marketing agency for restaurants and registered the Infringing Domains.  Defendant directs the Infringing Domains to competing Chinese restaurants to confuse consumers into believing Defendant and its customers are associated, sponsored, or affiliated with Panda.  Copies of the Infringing Domains are attached as **Exhibit C**.

18. Defendant registered the Infringing Domains in bad faith, with actual knowledge of Panda's rights in the PANDA Marks.

19. Defendant registered the Infringing Domains without identifying itself as the registrant of the domain names to hide its identity.

20. Additionally, Defendant has used, and continues to use, the Infringing Domains to confuse consumers, divert consumers from Panda's business by directing them to websites connected to the Infringing Domains, which offer restaurant services that directly compete with Panda's business.

21. Each of the Infringing Domains wholly incorporates and/or uses the dominant portion of the PANDA Marks. As such, the Infringing Domains are confusingly similar to the PANDA Marks.

22. For further evidence that Defendant uses the Infringing Domains to confuse consumers and divert them from Panda's business, one need look only to the landing pages of the Infringing Domains. Indeed, URLs from Infringing Domains depict drawings of pandas that are strikingly similar to the Panda Copyrights: http://pandagourmet.com/culture, http://pandahouseus.com/, http://uspandagarden.com/coupon, and http://uspandagarden2.com/coupon/, (the "Infringing Websites"). Comparisons of the Panda Copyrights and the similar drawings featured on the Infringing Websites (the "Infringing Works") are shown below:

| **The Panda Copyrights** | **The Infringing Works** |
|---|---|
| (panda drawing) | (PANDA HOUSE logo with panda) |



23. Defendant acted with a bad faith intent to profit from its Infringing Domains and use of the Infringing Websites. Moreover, Defendant's infringement of the PANDA Marks demonstrates an intent to divert customers from the Panda Domains for commercial gain.

### COUNT ONE
### Anticybersquatting Consumer Protection Act
### (15 U.S.C. §1125(d))

24. Panda restates the preceding paragraphs as if fully incorporated herein.

25. Defendant registered and is using the Infringing Domains in bad faith.

26. The PANDA Marks were distinctive at the time of Defendant's registration of the Infringing Domains.

27. The Infringing Domains are confusingly similar to the PANDA Marks.

28. Panda has a suite of U.S. Trademark Registrations that incorporate the word PANDA, including the Panda Marks. Each of these marks (including the PANDA Marks) are used in connection with restaurant services, and are registered in classes 42 and 43. In fact, many of the PANDA Marks are incontestable.

29. Defendant has no bona fide use of any of the domain names included in the Infringing Domains.

30. Defendant's intent in registering and using the Infringing Domains was and is to divert consumers from the Panda Domains to websites for competing restaurants solely to harm the

goodwill of the PANDA Marks and Panda for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the content of the Infringing Domains.

31. Defendant is using the Infringing Domains without authorization from Panda and with the bad faith intent to mislead and deceive the public.

32. Without Panda's consent, Defendant adopted and used the PANDA Marks in interstate commerce, in connection with its online advertising.

33. The advertising injury to the Panda arises out of Defendant's advertising activities.

34. The aforesaid actions constitute cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

35. Defendant's unauthorized registration and use of the Infringing Domains has, is, and, unless remedied, will continue to cause injury to Panda and the goodwill Panda has built in the PANDA Marks and its business reputation.

36. Panda has no adequate remedy at law.

**COUNT III**
**Copyright Infringement**
**(Copyright Act 17 U.S.C. § 101, *et seq.*)**

37. Panda incorporates the foregoing paragraphs by reference as though fully set forth herein.

38. Panda owns the Panda Copyrights and has duly registered the same with the United State Copyright Office.

39. Defendant, through the actions described in this Complaint, violated Panda's exclusive rights in the Panda Copyrights by displaying the Infringing Works. Specifically, Defendant had access to the Panda Copyrights and used substantially similar designs (the Infringing Works) on the Infringing Websites without permission or authorization from Panda, and without legal justification of any kind whatsoever.

40. Defendant's actions are and were intentional and willful.



41. Defendant's acts of copyright infringement were the result of unlawful widespread advertising activities to the public designed to promote their businesses to the detriment of Panda.

42. Defendant misappropriated Panda's advertising ideas by promoting designs that are substantially similar to the Panda Copyrights. Moreover, the advertising injury to Panda arises out of Defendant's advertising activities.

43. Defendant is still unlawfully displaying the Infringing Works as of the filing of this Complaint.

44. Defendant's acts of copyright infringement have caused damage to Panda in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Panda prays the Court enter judgment in its favor and against Defendant as follows:

1. That the Court find Defendant registered and/or used the Infringing Domains in violation of the ACPA and order Defendant to transfer the Infringing Domains to Panda and order Defendant to pay Panda $1,000,000 in statutory damages and Panda's attorneys' fees because of the exceptional nature of this case;

2. That the Court permanently restrain and enjoin Defendant, its agents, servants, employees, and other persons in active concert with Defendant, from any and all further use of any domain name incorporating the word "PANDA";

3. That the Court enter an order directing Defendant to engage in such advertisements as reasonably required to correct the misinformation in the marketplace that the Infringing Domains are associated with Panda and give notice to all of Defendant's customers that it is not associated with Panda;

4. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with the Court and serve upon Panda within thirty (30) days after issuance of an injunction, a



report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. That Panda be awarded either: a) Panda's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of the Panda Copyrights; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505; and

8. That the Court grant Panda such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Panda requests a jury trial for all causes of action so triable.

DATED: April 26, 2021            LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     /s/ Christopher J. Bakes
CHRISTOPHER J. BAKES
BRYAN P. SUGAR
WILLIAM W. MAUKE
Attorneys for Plaintiff, PANDA RESTAURANT GROUP, INC.